IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| JUSTIN CLARK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: CV614-122 |
| | : | |
| | : | |
| BRIAN OWNES, STANLEY WILLIAMS, | : | |
| CO DEAL, ERIC SMOKES, LT. COLEMAN, | : | |
| DENNIS BROWN, ERIC SELLERS, GEORGE | : | |
| IVEY, JARVIS PRIMUS, MICHAEL RANSOM, | : | |
| DR. LIFT, KENNETH BURNETTE, GREGORY | : | |
| McLAUGHLIN, DON BLAKELY, and | : | |
| TRACY McINTYRE, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

This matter is before the Court on Plaintiff's Letter Motion filed on February 25, 2015 and Plaintiff's Motion to Appoint Counsel. (Doc. 18 & Doc. 20.) After careful consideration, and for the reasons set forth below, Plaintiff's Motions are **DENIED**.

**I.    Plaintiff's Letter Motion**

In his Letter Motion (Doc. 18.), Plaintiff asserts that Macon State Prison has denied him access to the materials that he needs at the prison's law library and has denied receipt of a legal manual by mail. Plaintiff requests that the Court direct Macon State Prison to provide him access to the requested legal materials.

This Motion implicates Plaintiff's constitutional right of access to the courts. Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir.2006) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)) ("It is now clearly established that prisoners have a constitutional right of access to the courts.") In Bounds v. Smith, the Supreme Court held that "the fundamental constitutional right of access to

the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828, 97 S. Ct. at 1498.

However, prisoners' right to access legal materials is not unlimited. See, Wanninger v. Davenport, 697 F.2d 992, 993 (11th Cir. 1983) (holding that prison does not have to provide prisoner with free, unlimited access to photocopies of legal documents). Moreover, courts must accord "wide-ranging and substantial deference to prisoner administrators in their execution of policies and practices that they consider necessary to preserve internal order and discipline and to maintain institutional security. Such deference is justified because of the complexity of prison management, the fact that responsibility therefor is necessarily vested in prison officials, and the fact that courts are ill-equipped to deal with such problems." Al-Amin v. Smith, 511 F.3d 1317, 1328 (11th Cir. 2008).

At this early stage of this proceeding, the Court will not interfere with the library access policy and procedure at Macon State Prison. This action has not yet been subjected to frivolity review and has not been served on any defendants. Therefore, at this stage, the Court is unable to fully assess whether Plaintiff's right to access legal materials has been impermissibly impinged. For this reason, Plaintiff's Letter Motion is **DENIED.** However, should it become evident later in this action, through a renewed motion of Plaintiff or otherwise, that Plaintiff is not being provided adequate access to legal materials, the Court will address the issue at that time.

**II.   Plaintiff's Motion To Appoint Counsel**

Additionally, Plaintiff again requests that the Court appoint counsel to assist him in this matter. (Doc. 20.) As the Court pointed out in its prior order denying Plaintiff's first Motion to Appoint Counsel, there is no constitutional right to appointed counsel in a civil case such as this

one, brought pursuant to 42 U.S.C. § 1983.  Therefore, in the absence of the showing of an exceptional circumstance. the Court is not inclined to appoint counsel to assist Plaintiff.  <u>Wahl vs. McIver</u>, 773 F.2d 1169 (11th Cir. 1985).  The Court does not ascertain that circumstances have changed since its Order denying Plaintiff's first Motion to Appoint Counsel in any manner that would warrant the Court revisiting that decision.  Accordingly, Plaintiff's motion for the appointment of counsel is **DENIED**.  Should it become apparent later on in the proceedings that counsel should be appointed, the Court will entertain this motion again at the appropriate time.

SO ORDERED, this 23rd day of March, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA