IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JUSTIN CLARK, | : |
| Plaintiff, | : |
| VS. | : CIVIL No: 5:15-CV-0202-MTT-MSH |
| BRIAN OWENS, *et al.*, | : |
| Defendants. | : |

## ORDER AND
## REPORT AND RECOMMENDATION

Presently pending before the Court are Defendants' motion to dismiss (ECF No. 47) and Plaintiff's motions to appoint counsel (ECF Nos. 40, 57), motion for a preliminary injunction (ECF No. 41), motion for entry of default (ECF No. 42), and motion for discovery (ECF No. 43). For the reasons explained below, Plaintiff's motions to appoint, motion for entry of default, and motion for discovery are denied. It is recommended that Plaintiff's motion for a preliminary injunction be denied and Defendants' motion to dismiss be granted.

### BACKGROUND

The present action arises out Plaintiff's confinement at Hancock State Prison ("HSP"). Plaintiff alleges the Defendants Deputy Warden Ivey and Lieutenant Primus conducted a routine search of his cell on Friday, July 25, 2014, and after finding no contraband, decided to confiscate all of Plaintiff's property including his asthma pump. Recast Compl. 5, ECF No. 32. Plaintiff immediately informed the floor officer,

Defendant Officer Barnette, that his pump had been taken and that he needed it back. Recast Compl. 5. Defendant Barnette apparently spoke with Lieutenant Primus who refused to return the pump at that time, stating that Plaintiff's property would be returned the following Monday, July 28, 2014. *Id.* Plaintiff suffered an asthma attack later that night and was forced to borrow a pump from another inmate. *Id.*

On July 26, 2014, Plaintiff was served with false disciplinary charges. *Id.* at 6. Defendant Burnette allegedly confided to Plaintiff that Defendants Ivey and Primus instructed him to fabricate the report. *Id.* The report, however, was never formally logged, and Plaintiff's property was returned to him, as promised, on July 28, 2014. *Id.*

Plaintiff states he then "immediately" filed a grievance against Defendants Ivey and Primus based on the confiscation of his asthma pump. *Id.* Two days later, Defendant Dr. Lift discontinued Plaintiff's asthma medication, suddenly deciding that there was "no reason to continue [Plaintiff's respiratory] treatment." Recast Compl. 7. Plaintiff's need for the medication was clear in the prison medical records, he had six refills remaining on his prescription, and he had been prescribed the asthma treatment even before his transfer to HSP. *Id.* Two months later, Plaintiff was transferred to Macon State Prison and seen by a physician on November 4, 2014. That physician "immediately" prescribed Plaintiff an asthma pump along with two other asthma medications. *Id.* at 8.

After a preliminary review of the Recast Complaint, the First and Eighth Amendment claims against Defendants Primus, Ivey, and Barnette, the Eighth Amendment claims against Defendant Lift, and the state law negligence claims against Defendants Primus, Ivey, Barnette, and Lift remain pending. Plaintiff then filed motions seeking

2

appointment of counsel, an entry of default against all remaining Defendants, a preliminary injunction, and a medical examination by an outside physician. Defendants move to dismiss Plaintiff's Recast Complaint for, *inter alia*, failure to exhaust. These motions are ripe for review.

## DISCUSSION

### I. Motions to Appoint

Plaintiff filed two motions for appointment of counsel (ECF Nos. 40, 57). Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel" in a section 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). As is demonstrated by his filings, Plaintiff has been diligently and adequately pursuing this case. Plaintiff has not demonstrated an exceptional circumstances justifying appointment of counsel. Accordingly, Plaintiff's motions for appointment of counsel are denied.

### II. Motion to Dismiss

#### A. Failure to Exhaust

Defendants move to dismiss claiming, *inter alia*, that Plaintiff failed to exhaust his administrative remedies. Defs.' Mem. in Supp. of Mot. to Dismiss 5-8, ECF No. 47-1.

Plaintiff responds that his administrative remedies were fully exhausted when he filed the Recast Complaint, so his Complaint is not subject to dismissal. Pl's Mem. in Opp'n 12-14, ECF No. 53-1. He further states that he attempted to file an additional grievance concerning Defendant Lift's discontinuation of his asthma medicine, but that grievance was rejected as similar to a previous grievance. *Id.* Because Plaintiff's complaint is subject to dismissal for failure to exhaust as explained below, the Court declines to address Defendants' remaining grounds for dismissal.

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the

court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendants move to dismiss for lack of exhaustion claiming that Hancock State Prison, as part of the Georgia Department of Corrections (GDOC), has a grievance procedure in place, but that Plaintiff failed to fully utilize this procedure. Defs.' Mem. in Supp. of Mot. to Dismiss 6-8. Specifically, Defendants state that Plaintiff filed a grievance and appeal concerning Defendant Ivey taking his asthma medication, but Plaintiff failed to wait for a response or allow the appeal response time to expire before filing this action. *Id.* at 7. Defendants further state that Plaintiff failed to file a grievance against Defendant Lift for discontinuing his asthma medication. *Id.* at 7-8.

Plaintiff responds: (1) that he believed the Commissioner had only sixty days to respond to an appeal, so he waited for that time to expire prior to filing his Complaint; (2) the Recast Complaint was filed after his grievance was fully exhausted so that cures any defect; and (3) contrary to Defendants' assertion, he filed a grievance against Defendant Lift on August 2, 2014, but it was rejected as similar to his pending grievance. Pl.'s Mem. in Opp'n 12-14. He agrees with Defendants' other operative facts—that the Court

5

received his original Complaint on November 21, 2014[1] and that his grievance concerning Defendant Primus, Ivey, and Barnette was filed on July 30, 2014, appealed on August 27, 2014, and denied on April 7, 2015.  Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step.  *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cnty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

Since the Complaint was not dismissed at the first step, the Court can make factual findings relating to exhaustion.  A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry.  *Turner*, 541 F.3d at 1082-83.  The Court makes the following factual findings and determines that Defendants have met their burden regarding Plaintiff's failure to exhaust.

Defendants have established that Hancock State Prison uses the Georgia Department of Corrections' Standard Operating Procedures (SOPs) regarding grievances. Mahoney Aff. ¶¶ 4-23 & Ex. 1, ECF No. 47-2.  The SOPs mandate that an inmate must follow a two-step process in order to exhaust his remedies: (1) file an original grievance no later than ten days from the date of the incident giving rise to the grievance; and (2) file an appeal to the Central Office.  *Id.* ¶ 11 & Ex. 1 at 7-12.  When an original grievance is received, the grievance coordinator performs an initial screening.  *Id.* ¶ 14 & Ex. 1 at 7-8. If the grievance coordinator determines that the grievance should be rejected without

---

[1] A careful review of the original Complaint, indicates that Plaintiff signed the Complaint on October 29, 2014 and that it was mailed on November 18, 2014.  Compl. 19-20.  Since the parties agree that the filing date is the date the Southern District of Georgia docketed the Complaint, and the difference in the dates is immaterial for the exhaustion analysis, the Court uses the November date as the "filing date."

decision, he or she will so inform the warden. *Id.* The warden may then reject the grievance. *Id.* An inmate may appeal the grievance rejection. *Id.* ¶ 17 & Ex. 1 at 8. The Commissioner has 100 calendar days to deliver a decision on a Central Office Appeal after receipt of the appeal. *Id.* ¶ 20 & Ex. 1 at 11.

Plaintiff filed two grievances concerning his asthma medication prior to filing this action on November 21, 2014. He filed grievance 178687 on July 30, 2014 against Defendant Ivey for taking his asthma medication. Mahoney Aff. Ex. 3 at 2. Plaintiff mentions Defendant Barnette in grievance 178687, but Defendant Primus is not mentioned or referenced. *Id.* Instead, Plaintiff states that Defendant Ivey "took all of our property including . . . my asthma pump[.]" Mahoney Aff. Ex. 3 at 2. He avers that he told Defendant Barnette that he was without asthma medication, but that Defendant Barnette failed to take any action. *Id.* Defendant Primus is similarly not mentioned in the grievance appeal which was filed on September 8, 2014. The Commissioner received Plaintiff's grievance appeal on September 11, 2014 and issued a denial on April 7, 2015, well over the 100 days allotted for the Commissioner to respond to the appeal.[2]

Plaintiff filed his second grievance, which was rejected and not assigned a grievance number, on August 5, 2014. Therein he complains that his asthma medication had been discontinued by Defendant Lift on July 31, 2014. Pl.'s Mem. in Opp'n Ex. D, ECF No. 53-5. Plaintiff was told that this grievance was rejected because it is "similar to [his] other grievance" and that he "couldn't grieve the same thing twice." Pl. Mem. in Opp'n 14. Plaintiff did not appeal the rejection of this second grievance.

---

[2] The 100 day response time expired on December 20, 2014.

"[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules[.]" *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). Thus, in order for Plaintiff to have exhausted his administrative remedies, he needed to have filed a grievance and appeal concerning each of his deliberate indifference claims. This process must have been completed prior to filing this action. *See, e.g., Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit." (emphasis added)). The relevant date for determining whether the administrative remedies are exhausted is the date on which a plaintiff files his initial complaint, not an amended or recast complaint. *See Smith v. Terry*, 491 F. App'x 81, 83-84 (11th Cir. 2012) ("The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint."). Furthermore, "[b]ecause exhaustion is now a pre-condition to suit, courts lack discretion to waive the exhaustion requirement." *Id.* at 83.

It is evident from the above discussed factual findings that Plaintiff failed to exhaust prior to filing his original complaint. Plaintiff filed two grievances concerning his allegations in this case. Neither of those grievances was fully exhausted on November 21, 2014. Grievance 178687 was not fully exhausted until December 20, 2014 and Plaintiff failed to appeal the rejection of the second grievance. Plaintiff's misunderstanding

8

concerning both the amount of time that the Commissioner had to respond to his grievance appeal and his ability to appeal a rejection is irrelevant. It plainly states in the SOPs that the Commissioner has 100 calendar days within which to respond to an appeal. Mahoney Aff. Ex. 1 at 11. Similarly, the SOPs make clear that a prisoner may appeal the rejection of a grievance. *Id.* at 8. Plaintiff has thus failed to exhaust his administrative remedies with respect to the claims asserted in his Recast Complaint. It is recommended that Defendants' motion to dismiss be granted and Plaintiff's complaint be dismissed for failure to exhaust.

### B. State law negligence claims

To the extent that Plaintiff's state law negligence claims are not barred by his lack of exhaustion, the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). *See, e.g., Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

## III. Motion for Preliminary Injunction

Plaintiff seeks a preliminary injunction requiring that Plaintiff be provided with asthma medication. Injunctive relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury

"must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).

Initially, the Court should deny Plaintiff's motion because it lacks subject matter jurisdiction. It is unclear to whom the preliminary injunction should be directed, but the Court notes that at the time he filed the motion he was housed at Macon State Prison. Mot. for Prelim. Inj. 7, ECF No. 41. The only Defendants in this case are employees at Hancock State Prison. Additionally, Plaintiff was transferred to Valdosta State Prison in November 2015. For the preliminary injunction to have any effect, it would consequently have to be directed at non-parties—either the Georgia Department of Corrections or at specific employees at Valdosta State Prison. The Court lacks jurisdiction to issue an injunction against a non-party. *See, e.g., Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-83 (11th Cir. 1995) (declining to find that either the All Writs Act or the Federal Rules of Civil Procedure provide subject matter jurisdiction when seeking an injunction against a non-party); *Faircloth v. Baden*, No. 1:11-cv-113-WLS, 2012 WL 3202949, at *4 (M.D. Ga. July 9, 2012) ("The Court lacks subject matter jurisdiction to issue a preliminary injunction against a non-party.").

Likewise, Plaintiff is unlikely to succeed on the merits because he failed to exhaust his administrative remedies. Plaintiff has thus failed to show that he is entitled to injunctive relief. It is recommended that his motion be denied. *See, e.g., All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) ("A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites.").


## IV.     Declaration for Entry of Default

Plaintiff moves for an entry of default because he believes that Defendants should have answered or otherwise responded to his Complaint within fourteen days of the mailing of request to waive service.  Pl.'s Decl. for Entry of Default 1-2, ECF No. 42.[3]  Service was ordered in this case on July 13, 2015.  Order & Recommendation 8-12, ECF No. 34.  The Process Receipt and Return and Waiver of Service of Summons were not mailed until July 20, 2015.  (ECF No. 39.)  Defendants signed their waivers on August 13, 2015.  (ECF No. 44.)  The waivers were received by the Court on August 21, 2015 and docketed on August 24, 2015.  Defendants then timely filed a motion to dismiss in lieu of an answer on September 8, 2015—before the sixty-day deadline assuming waiver of service of September 18, 2015.  *See* Defs.' Mot. to Dismiss 2-3, ECF No. 47.

Rule 55 of the Federal Rules of Civil Procedure provides that a clerk "must enter [a] party's default" when that party "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Federal Rules of Civil Procedure Rule 4 covers the issue of service.  Rule 4(d) states that when a waiver of service is requested, as in this case, a defendant must be given "a reasonable time of *at least 30 days* after the request was sent" to return the waiver.  Fed. R. Civ. P. 4(d)(1)(F) (emphasis added).  Additionally, if a defendant files a waiver, he has "60 days after the request was sent" to file an answer or responsive pleading to the complaint.  Fed. R. Civ. P. 4(d)(3).

Although the Order for Service was filed in this case on July 13, 2015, the request for waiver of service was not mailed to Defendants until July 20, 2015.  Consequently, if

---

[3]  Plaintiff's declaration for entry of default was docketed as a "Motion for Default Judgment."

11

Defendants chose to waive service, they had sixty days from July 20, 2015 until September 18, 2015, to file an answer or otherwise respond to the Recast Complaint. Defendants timely filed a motion to dismiss on September 8, 2015. Therefore, Defendants are not in default and, to the extent that Plaintiff's declaration can be construed as a motion, Plaintiff's motion (ECF No. 42) is denied.

### V.     Motion for Independent Medical Examination

Plaintiff moves for a medical examination pursuant to Federal Rule of Civil Procedure 35. (ECF No. 29.) He seeks to use this examination to show that he has a serious medical need—asthma. As explained above, the Court recommends granting Defendants' motion to dismiss for failure to exhaust. Discovery is thus unnecessary and Plaintiff's motion is denied.

### CONCLUSION

For the reasons explained above, Plaintiff's motions to appoint (ECF Nos. 40, 57), motion for entry of default (ECF No. 42), and motion for discovery (ECF No. 43) are denied. It is recommended that Plaintiff's motion for a preliminary injunction (ECF No. 41) be denied and Defendants' motion to dismiss (ECF No. 47) be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a]

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 23rd day of December, 2015.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE